UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL W. GILLAM, JR., )
)
    Petitioner, )
)
v. ) CAUSE NO. 3:17-CV-926-PPS-MGG
)
WARDEN, )
)
    Respondent. )

OPINION AND ORDER

Michael W. Gillam, Jr., a prisoner without a lawyer, is challenging a prison disciplinary hearing where a disciplinary hearing officer found him guilty of filing a frivolous legal claim and docked him 60 days of good time credit and a demotion in credit class as a result. He now seeks habeas corpus relief on the grounds that there was insufficient evidence to support the finding of guilt.

In the context of a habeas challenge to a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted); *Webb v. Anderson*, 224 F.3d 649,

652 (7th Cir. 2000) ("[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.") (cleaned up). It is not an easy standard for a prisoner to meet. But even then, "some" evidence is not the same as "no" evidence and there must be some evidence that a prisoner committed the violation in question.

So let's review the evidence in this case. On June 26, 2017, Gillam filled out a preprinted form titled motion for earned reformative credit time and filed it in the Superior Court of St. Joseph County, Indiana, in his underlying criminal case, 71D01-1105-FA-000012. ECF 10-2 at 1-4. In that motion, he requested credit time for educational programs he had completed while incarcerated. ECF 10-2 at 2. A month later, on July 26, 2017, the State of Indiana filed a motion to dismiss Gillam's request for earned reformative credit time, along with the declaration of Jennifer Farmer, IDOC's Director of the Sentence Computation and Release Unit. ECF 10-9 at 1-6. In her declaration, Farmer testified that the programs Gillam sought credit for in his motion had not been approved by IDOC; thus, they were not "eligible for educational credit." ECF 10-9 at 6.

The day after the State of Indiana filed its motion to dismiss, Unit Team Manager Pam Bane, prepared a conduct report which said that she was directed to "to write Offender Michael Gillam # 223879 up for filing a frivolous lawsuit requesting credit

time for programs he completed and knew were not eligible for a time cut." ECF 10-1 at 1. The next day, on July 28, 2017, Gillam received the conduct report and was screened for the offense. ECF 10-3 at 1. He requested a witness—Officer Binard—and a lay advocate. ECF 10-3 at 1, 10-4 at 1. He also explained he had his own evidence to bring to the hearing, which were copies of documents he had used to file his motion from the prison's law library. ECF 10-3 at 1.

On August 14, 2017, prior to his disciplinary hearing, Gillam wrote a letter to the state judge in which he stated: "I withdraw my motion after a LexisNexis search showed no one has won this credit time without D.O.C. approval." ECF 10-9 at 7. Two days later, on August 16, 2017, the hearing officer conducted a disciplinary hearing. ECF 10-5 at 1. At the hearing, Gillam explained that the paperwork he filed in state court "was provided by the law library." *Id*. A day later, on August 17, 2017, the state court in which Gilliam filed his motion construed his August 14, 2017, letter as a motion to withdraw his motion for earned reformative credit time and granted it. ECF 10-9 at 8.

Based on this series of events, the hearing officer found Gillam guilty of filing a frivolous claim in violation of IDOC offense B-243, and he was docked 60 days of good time credit and demoted in credit class. Gillam argues that the finding of guilt is unsupported by the evidence. Offense 243 is generically titled "Filing Frivolous Claims" but there are three ways the rule can be violated: *first,* by "[f}iling a civil claim or action found to be frivolous, unreasonable, or groundless by a Federal, State or administrative court." *Second*, by "[f]iling an unsuccessful judicial request for a time cut

for a program that is not approved for a credit time award by the Department after being informed by the Department that no credit time award is available for the program." Or *third*, by "[f]iling an unsuccessful judicial request for a time cut that has been previously awarded to the offender by the Department." *See* Indiana Department of Corrections Adult Disciplinary Process Appendix I www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (accessed February 20, 2019).

It is plain that neither the first nor third categories of violations are at issue in this case. Gillam did not file a civil claim or action that was "found to be frivolous" by any court. Nor did Gillam ask a judge to give him a time cut after having already been awarded a time cut by the Department. That leaves the second category as the only potential way that Gillam could be found guilty of violating Offense 243. But as we will see in a moment, that too is a loser for the warden because there is simply no evidence in the record supporting it.

The hearing officer's decision makes clear that it was based upon Bane's conduct report. ECF 10-5. According to the hearing officer, the "Conduct report is clear & concise. Evidence supports the charge. I am finding him guilty." The hearing officer's conclusions are far from persuasive. It is certainly true that a conduct report alone can be enough to support a finding of guilty in prison disciplinary proceedings. *McPherson*, 188 F.3d at 786. But the conduct report in this case is nothing more than a conclusion. It

tells me nothing about what Gillam actually did to violate Offense 243. And indeed, upon closer review, it is clear that there is no evidence supporting the charge.

It is undisputed that Gillam's motion to the state court was unsuccessful. Likewise, it is undisputed that Gillam did not seek approval for any of the IDOC programs he listed in his motion before he filed it. ECF 10-2 at 2, 10-9 at 5-6. And thus, it is quite fair to say that the motion Gillam presented to the state court judge was likely groundless. But that is not what the text of the rule he was found to have violated requires. The second category of Offense 243 prohibits "[f]iling an unsuccessful judicial request for a time cut for a program that is not approved for a credit time award by the Department *after being informed by the Department that no credit time award is available for the program*." (emphasis added). The rule does not prohibit filing an unsuccessful or groundless request for a time cut. More importantly, it does it prohibit filing a claim without having secured approval for a reformative program prior to filing. That may be the better rule, and perhaps it is one IDOC could adopt, but that is not what Offense 243 says or prohibits. By its plain language, Offense 243 requires the prisoner to have been "informed by the Department that no credit time award is available for the program." Thus there must be "some evidence" that this occurred, and there isn't.

While the conduct report states that Gillam filed "a frivolous lawsuit requesting credit time for programs he completed and knew were not eligible for a time cut," it says nothing as to whether he was informed that no credit time award was available for

any of the programs. There is no evidence before me (nor was there before the hearing officer) that Gillam was ever informed of this fact before he filed his claim. Indeed, the evidence cuts the other way because once Gillam became aware that the programs he was seeking a time cut for were not reformative programs (after the state moved to dismiss), he promptly sought to withdraw his motion. ECF 10-9 at 7. In sum, there is nothing in the record which tends to show that Gillam "was informed by the Department that no credit time is available" for the programs that he completed prior to filing his motion in state court. As such, the hearing officer's finding of guilty fails to satisfy the modicum of evidence required under the "some evidence" standard required to support a conviction. *McBride*, 188 F.3d at 786.

For these reasons, Michael W. Gillam, Jr.'s petition for writ of habeas corpus is GRANTED. The Respondent is ORDERED to file documentation by March 31, 2019, showing that the guilty finding in ISP 17-07-0556 has been vacated and that any earned credit time or demotion in credit class that Gillam lost because of this guilty finding is restored.

SO ORDERED on February 25, 2019.

/s/ Philip P. Simon\_
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT